Nos. 26-1354, 26-1371, 26-1440, 26-1441

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION, AMERICA'S CREDIT UNIONS & ILLINOIS CREDIT UNION LEAGUE,

*Plaintiffs-Appellants-Cross-Appellees*,

*v.*

KWAME RAOUL, in his official capacity as Illinois Attorney General,

*Defendant-Appellee-Cross-Appellant.*

On Appeal from the United States District Court
For the Northern District of Illinois, Case No. 24-cv-7307
Honorable Virginia M. Kendall, C.J.

**MOTION OF FORMER COMPTROLLERS AND ACTING COMPTROLLERS OF THE CURRENCY FOR LEAVE TO FILE A BRIEF AS *AMICI CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS**

SAM MCHALE
OLU OISAGHIE
WILMER CUTLER PICKERING
  HALE AND DORR LLP
2100 Pennsylvania Avenue NW
Washington, DC 20037
(202) 663-6000
sam.mchale@wilmerhale.com
olu.oisaghie@wilmerhale.com

NOAH A. LEVINE
  *Counsel of Record*
WILMER CUTLER PICKERING
  HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800
noah.levine@wilmerhale.com

March 13, 2026

Pursuant to Federal Rule of Appellate Procedure 29(b), amici former Comptrollers and Acting Comptrollers of the Currency respectfully move for leave to file the attached brief as amici curiae in support of Plaintiffs-Appellants. Plaintiffs-Appellants consent to the filing of the brief, and Defendant-Appellee indicated he does not oppose this motion for timely filing of the amicus brief.

**INTEREST OF THE AMICI**

Amici are former Comptrollers of the Currency and former Acting Comptrollers of the Currency. The Office of the Comptroller of the Currency (OCC) is an independent bureau of the Treasury Department which charters, regulates, and supervises national banks and federal savings associations. OCC is charged with administering several statutes which regulate national banks, including the National Bank Act (NBA). *See* 12 U.S.C. §§1 *et seq.*; *id.* §24 (Seventh). Amici are: former Comptrollers Robert L. Clarke, John C. Dugan, Eugene Ludwig, and Joseph Otting; and former Acting Comptrollers Brian P. Brooks, Rodney E. Hood, Keith A. Noreika, Blake J. Paulson, John G. Walsh, and Julie L. Williams. More detailed information on each amicus appears in the attached brief.

**REASONS FOR GRANTING AMICUS PARTICIPATION**

Amici respectfully request the opportunity to file a brief in support of Plaintiffs-Appellants because they offer an independent and unique perspective on this case. Amici have several collective decades of experience across administrations of both political parties leading the OCC, participating in the interpretation and definition

1

of the powers of national banks through OCC rulemaking and guidance, and shaping OCC's approach to NBA preemption.

As is relevant in this case, amici have tracked the evolution of the business of banking over the last forty years. As such, amici are deeply familiar with the ways in which national banks exercise their powers. Specifically, in the modern system of banking, national banks exercise their credit card lending and deposit powers through payment networks. The district court below rejected NBA preemption based largely on a distinction between the national banks and the payment networks. Amici thus have an interest in bringing their experience and historical perspective to this Court, to aid in its resolution of the NBA preemption question before it.

As subject matter experts formerly responsible for administering one of the statutes at issue in this case, amici "'present[] ideas, arguments, theories, insights, facts, or data that are not to be found in the [parties'] briefs." *Prairie Rivers Network v. Dynegy Midwest Gen., LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (quoting *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit* 162 (2020 ed.)).

In particular, amici's brief "[e]xplain[s] the broader ... commercial context" and "[h]ighlight[s] factual, historical [and] legal nuance" about how national banks exercise powers granted to them under the NBA through the third-party payment card networks, and how the NBA preemption inquiry is focused on significant interference with the exercise of national bank powers in this way. *Id*. Amici draw

on their experience with these issues during their time in the OCC, including by bringing to the Court's attention relevant OCC statements and actions. Amici's historical perspective therefore should be a significant aid to understanding why and how the Illinois statute interferes with the exercise of express national bank powers.

As other briefs submitted by "true friend[s] of the court" have done, amici's brief thus "add[s] value" to the Court's "evaluation of the issues presented on appeal" and warrants consideration by the panel. *Id.* at 763-764 (granting leave to file amicus briefs that presented the "history" of the relevant regulation, lent "context" to the cases cited by the parties, and highlighted the "practical results" of an affirmance).

As noted, Plaintiffs-Appellants have consented to the filing of this amicus brief, and Defendant-Appellee does not oppose this motion for leave for the timely filing of this amicus brief.

## CONCLUSION

For the foregoing reasons, amici curiae respectfully request that this Court grant their motion for leave to file the brief attached to this motion.

|  | Respectfully submitted. |
|---|---|
|  | /s/ Noah A. Levine |
| SAM MCHALE | NOAH A. LEVINE |
| OLU OISAGHIE |    *Counsel of Record* |
| WILMER CUTLER PICKERING | WILMER CUTLER PICKERING |
|    HALE AND DORR LLP |    HALE AND DORR LLP |
| 2100 Pennsylvania Avenue NW | 7 World Trade Center |
| Washington, DC 20037 | 250 Greenwich Street |
| (202) 663-6000 | New York, NY 10007 |
| sam.mchale@wilmerhale.com | (212) 230-8800 |
| olu.oisaghie@wilmerhale.com | noah.levine@wilmerhale.com |

*Counsel for Amici Curiae Formal Comptrollers and
Acting Comptrollers of The Currency*

March 13, 2026

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g)(1), the undersigned hereby certifies that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i).

1. Exclusive of the exempted portions of the brief, as provided in Fed. R. App. P. 32(f), the brief contains 651 words.

2. The brief has been prepared in proportionally spaced typeface using Microsoft Word for Office 365 in 12-point Century Schoolbook font. As permitted by Fed. R. App. P. 32(g)(1), the undersigned has relied upon the word count feature of this word processing system in preparing this certificate.

/s/ Noah A. Levine
NOAH A. LEVINE

March 13, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on March 13, 2026, I caused the foregoing to be filed through the Court's CM/ECF system, which caused it to be served on all counsel of record.

/s/ Noah A. Levine
NOAH A. LEVINE