IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION,
AMERICA'S CREDIT UNIONS, and
ILLINOIS CREDIT UNION LEAGUE,

Plaintiffs-Appellants and Cross-Appellees,

v.

KWAME RAOUL, in his official capacity as Illinois Attorney General,

Defendant-Appellee and Cross-Appellant.

**MOTION TO FILE THE APPENDED SUPPLEMENTAL BRIEF OF AMICUS CURIAE
THE OFFICE OF THE COMPTROLLER OF THE CURRENCY
IN SUPPORT OF PLAINTIFFS-APPELLANTS**[1]

Pursuant to Federal Rules of Appellate Procedure 27 and 29, Amicus Curiae Office of the Comptroller of the Currency ("OCC") respectfully requests leave to file the appended supplemental amicus brief. As grounds for this motion, the OCC states as follows.

1. The OCC is an independent bureau of the U.S. Department of the Treasury charged with administration of the National Bank Act, 12 U.S.C. § 1 *et seq.*, and the Home Owners' Loan Act ("HOLA"), 12 U.S.C. § 1461 *et seq*.

2. As the agency charged with implementing the National Bank Act and HOLA and overseeing national banks' and Federal savings associations' exercise of powers thereunder, the

---

[1] Plaintiffs-Appellants and Cross-Appellees consent to this motion. Defendant-Appellee and Cross-Appellant takes no position on this motion.

OCC has broad authority from Congress to prescribe rules and regulations to carry out its responsibilities. 12 U.S.C. §§ 93a, 1463(a)(2).

3. The OCC has previously participated as an amicus in this litigation to address the permissible scope of state limitations on bank powers.

4. The OCC took two actions to address the district court ruling underlying this appeal. First, the OCC issued an interim final rule amending 12 C.F.R. § 7.4002, the regulation on which the district court's analysis turned. More specifically, the interim final rule clarifies and codifies the power of national banks to charge non-interest fees, regardless of whether those fees are set by the institution or a third party. OCC, National Bank Non-Interest Charges and Fees, 91 Fed. Reg. 22989, 22990 (Apr. 29, 2026). Second, the OCC issued an interim final order concluding that Federal law preempts the Illinois Interchange Fee Prohibition Act ("IFPA"). OCC, Order Preempting the Illinois Interchange Fee Prohibition Act, 91 Fed. Reg. 23150, 23151 (Apr. 29, 2026). Both interim actions will take effect on June 30, 2026, the day before the IFPA is set to take effect.

5. On April 28, the OCC filed a Federal Rule of Appellate Procedure 28(j) letter in this Court notifying the Court of the interim final actions. No. 26-1354, Dkt. No. 84.

6. On April 29, Plaintiffs-Appellants moved for leave to file supplemental briefing addressing the impact of the OCC's interim final actions.

7. The same day, this Court granted the motion to the extent that the parties shall file simultaneous supplemental briefs containing no more than 3,900 words on or before May 6, 2026.

8. The OCC respectfully submits that the appended supplemental amicus brief, which contains 2,836 words, will aid the Court in evaluating the impact of the OCC's interim final actions on this litigation.

9. Accordingly, the OCC respectfully requests that the Court enter an order granting leave to file the appended Supplemental Brief of Amicus Curiae the Office of the Comptroller of the Currency in Support of Plaintiffs-Appellants.

Dated: May 6, 2026          Respectfully Submitted,

WILL C. GILES, Principal Deputy Chief Counsel
BRIAN P. HUDAK, Deputy Chief Counsel


*/s/ Peter C. Koch*
PETER C. KOCH, Director for Litigation
AMBER N. MELTON, Asst. Director for Litigation
ASHLEY W. WALKER, Special Counsel
HANNAH HICKS, Counsel
KRISTIN M. MCMANUS, Attorney
400 Seventh Street, SW
Washington, D.C. 20219
(202) 649-6300

*Counsel for Amicus Curiae the Office of the
Comptroller of the Currency*

## CERTIFICATE OF COMPLIANCE

The foregoing complies with Federal Rule of Appellate Procedure 27(d), in that it contains 443 words (excluding the caption, title, signature blocks, and certificates of counsel as discussed in Federal Rules of Appellate Procedure 32(f)), is in twelve-point font, and utilizes Times New Roman.

/s/ Peter C. Koch
Peter C. Koch
Office of the Comptroller of the Currency
400 7th Street SW
Washington, D.C. 20219

## CERTIFICATE OF SERVICE

This same date the foregoing was served on all parties to this appeal through the Court's CM/ECF system.

/s/ Peter C. Koch
Peter C. Koch
Office of the Comptroller of the Currency
400 7th Street SW
Washington, D.C. 20219