Nos. 26-1354, 26-1371, 26-1440, 26-1441

In the

# United States Court of Appeals
## for the Seventh Circuit

ILLINOIS BANKERS ASSOCIATION, AMERICAN BANKERS ASSOCIATION,
AMERICA'S CREDIT UNIONS & ILLINOIS CREDIT UNION LEAGUE,

*Plaintiffs-Appellants-Cross-Appellees,*

v.

KWAME RAOUL, in his official capacity as Illinois Attorney General,

*Defendant-Appellee-Cross-Appellant.*

On Appeal from the United States District Court
For the Northern District of Illinois, Case No. 24-cv-7307
Honorable Virginia M. Kendall, *Chief United States District Judge*

**BRIEF OF PLAINTIFFS-APPELLANTS-CROSS-APPELLEES
IN OPPOSITION TO THE ILLINOIS RETAIL MERCHANTS
ASSOCIATION'S MOTION TO FILE A SUPPLEMENTAL BRIEF**

Boris Bershteyn
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: 212-735-3000
boris.bershteyn@skadden.com

Charlotte H. Taylor
*Counsel of Record*
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: 202-879-3939
ctaylor@jonesday.com

*Counsel for Plaintiffs-Appellants-Cross-Appellees*
*Additional Counsel listed in signature blocks at end of Brief*

Plaintiffs-Appellants-Cross-Appellees oppose the Illinois Retail Merchants Association's motion for leave to file a supplemental brief as *amicus*. "The filing of" even a single "amicus brief is the exception, not the rule, in" this Circuit. Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit 162. IRMA offers no valid reason to allow it to file a second.

As the District Court recognized in denying IRMA's motion to intervene below, the Illinois Attorney General adequately represents the merchants' interests in defending the Illinois' Interchange Fee Prohibition Act. Dist. Ct. Dkt. 112, 3. Another brief echoing the Attorney General's arguments will not aid the Court's analysis of the issues presented by the Office of the Comptroller of the Currency's actions. *See Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003) (Posner, J., in chambers). Nor will one that attempts to introduce new arguments, as IRMA attempts to do by asking this Court to invalidate the OCC's actions as arbitrary and capricious—an argument the Attorney General does not make—with no relevant record. IRMA.Proposed.Supp.Br. 3-8; *see Lavallee v. Med-1 Sols., LLC*, 932 F.3d 1049, 1056 (7th Cir. 2019) ("we don't usually consider arguments introduced on appeal by an amicus"). Nor, indeed, will one laced

with controversial factual assertions that are unsupported by any actual record material. *See, e.g.*, IRMA.Proposed.Supp.Br.2 (describing interchange fees as "fees set by card networks in agreement with the banks"); *Cass County Music Co. v. Muedini*, 55 F.3d 263, 264 n.2 (7th Cir. 1995) ("Any supplemental facts, true or not, provided by [an] amicus cannot be considered."). Finally, if IRMA is permitted to submit a second *amicus* brief, there would be no principled reason not to allow any other *amicus* who wishes to file a supplemental brief to do the same.

The OCC alone is differently situated from the other *amici*. Its interim final rule and interim final order are the subject of the supplemental briefing, so it has distinctive knowledge of their meaning and import. *See Kisor v. Wilkie*, 588 U.S. 558, 570 (2019) (plurality opinion) ("Want to know what a rule means? Ask its author."). And the Attorney General's supplemental brief takes aim at the validity and import of the OCC's actions. It makes sense to allow the agency to be heard. *Cf.* 28 U.S.C. § 2403(a) (requiring notice to the Attorney General if the constitutionality of a federal statute "is drawn in question" in a suit to which the federal government is not a party).

More generally, this Court recognizes that the federal government and its agencies or officers are differently situated from other possible *amici*,

allowing them, for example, to file *amicus* briefs without leave of court. Practitioner's Handbook 180. That makes sense. The federal government has a distinct and important perspective on the interpretation and application of its laws, and its agencies have a unique interest in their regulations and orders. For those reasons, attorneys for the federal government may be sent "to attend to the interests of the United States" in any court in the country without need for the court's leave. 28 U.S.C. § 517; *See Flatow v. Islamic Republic of Iran*, 305 F.3d 1249, 1253 n.5 (D.C. Cir. 2002). Those interests are plainly at their apogee when the briefing focuses exclusively on the implications and validity of a federal agency's regulatory action.

Allowing the OCC to address the import of its actions is therefore appropriate. But none of those considerations support allowing IRMA to step beyond the traditional *amicus* role and join the parties in supplemental briefing. Plaintiffs therefore oppose IRMA's request to do so.

Dated: May 6, 2026

Boris Bershteyn
Kamali P. Willett
Sam Auld
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
One Manhattan West
New York, NY 10001
Telephone: 212-735-3000
boris.bershteyn@skadden.com
kamali.willett@skadden.com
sam.auld@skadden.com

Respectfully submitted,

*/s/ Charlotte H. Taylor*

Charlotte H. Taylor
    *Counsel of Record*
Anthony J. Jeffries
JONES DAY
51 Louisiana Avenue, NW
Washington, DC 20001
Telephone: 202-879-3939
ctaylor@jonesday.com
ajjeffries@jonesday.com

Matthew J. Rubenstein
JONES DAY
90 S. Seventh St., Suite 4950
Minneapolis, MN 55402
Telephone: 612-217-8846
mrubenstein@jonesday.com

*Attorneys for Plaintiffs-Appellants-Cross-Appellees*

# CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with (1) the type-volume limitation set by this Federal Rule of Appellate Procedure 27(d)(2)(A) because, as calculated by Word for Microsoft 365, it contains 605 words, excluding the items exempted by Federal Rule of Appellate Procedure 32(f); and (2) the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), because it has been prepared in a proportionally spaced typeface using Word for Microsoft 365 in a 14-point Book Antiqua font.

Dated: May 6, 2026                    */s/ Charlotte H. Taylor*
                                      Charlotte H. Taylor

# CERTIFICATE OF SERVICE

In accordance with Circuit Rule 25(a), I hereby certify that on May 6, 2026, I electronically filed Plaintiffs-Appellants-Cross-Appellees' Brief in Opposition to the Illinois Retail Merchants Association's Motion to File a Supplemental Brief with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: May 6, 2026          */s/ Charlotte H. Taylor*
                                    Charlotte H. Taylor